FILED

DEC 3 0 2005

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. __5:05CU871__  D(3)

KROY BUILDING PRODUCTS, INC.,            )
a Delaware corporation,                  )          **COMPLAINT**
                                         )
            Plaintiff,                   )          JURY TRIAL DEMANDED
                                         )
Vs.                                      )
                                         )
                                         )
VEKA INC.                                )
a Pennsylvania Corporation,              )
and JOHN DOES 1-100                      )
                                         )
                                         )
            Defendants.                  )
_____ )

Plaintiff, Kroy Building Products, Inc. (hereinafter "Kroy") hereby complains and alleges

against the named Defendants as follows:

1.     This is an action for the following counts: patent infringement, and inducement of

infringement, of United States Patent Nos. 5,988,599; 6,041,486; 6,202,987; and D487,160

pursuant to 35 U.S.C.§101 et seq., unfair competition, pursuant to the Lanham Act and

applicable common law principles, and trademark infringement of U.S. Registration No.

2,837,603 pursuant to 15 U.S.C.§1051.

### PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff, Kroy, is a Delaware corporation operating by virtue of the laws of the

state of Delaware, with its principal place of business located at 1859 Evans Road, Cary, North

Carolina, 27513.

3.     Upon information and belief, Defendant Veka Inc. (hereinafter "Veka") is a

corporation operating by virtue of the laws of the state of Pennsylvania.

4.    Upon information and belief, Defendant Veka's principal place of business is located at 100 Veka Drive, Fombell, Pennsylvania 16123.

5.    Defendants John Does 1-100 are believed to be agents or representatives of Defendant Veka, or individuals associated with Defendant Veka, or corporations or other entities related to or formed by Veka.

6.    Personal jurisdiction exists over Defendant Veka pursuant to N.C. Gen. Stat. § 1-75.4(1), (3), and (4) in that Defendant Veka has sold its infringing products to and through a North Carolina distributor and the injury to Plaintiff Kroy has occurred at its principal place of business in Cary, North Carolina.

7.    This Court has original jurisdiction of the counts for patent infringement pursuant to one or both of 28 U.S.C. §§ 1331, and 1338(a) in that the counts for patent infringement arise under the patent laws of the United States including title 35 U.S.C. §§ 271 & 281, et seq., and more specifically, 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289. This Court has original jurisdiction of the count for trademark infringement under 15 U.S.C. §1121, and 28 U.S.C. § 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§1051 et seq. The count for unfair competition also arises under the laws of the United States, including 15 U.S.C. § 1125 (Lanham Act § 43), and this Court therefore has original jurisdiction of the count for unfair competition pursuant to one or both of 28 U.S.C. §§ 1331, and 1338(b).

8.    This Court has personal jurisdiction over Defendants by virtue of Defendants' transacting and doing business in this state and conducting infringing activity in this state.

9.    Venue is laid in the U.S. District Court for the Eastern District of North Carolina,

2

Western Division, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

10. Plaintiff Kroy is engaged in the business of developing, manufacturing and marketing vinyl fencing and railing.

11. On November 23, 1999, U.S. Patent No. 5,988,599 (hereinafter "'599 patent") was granted to Plaintiff Kroy for a "Fence System." A copy of the '599 patent is attached hereto as Exhibit A.

12. On March 28, 2000, U.S. Patent No. 6,041,486 (hereinafter "'486 patent") was granted to Plaintiff Kroy for a "Method of Assembling a Fence." A copy of the '486 patent is attached hereto as Exhibit B.

13. On March 20, 2001, U.S. Patent No. 6,202,987 (hereinafter "'987 patent") was granted to Plaintiff Kroy for a "Fence System." A copy of the '987 patent is attached hereto as Exhibit C.

14. On February 24, 2004, U.S. Patent No. D487,160 (hereinafter "'160 patent") was granted to Plaintiff Kroy for an "Interior and Exterior Surface of a Fence Panel." A copy of the '160 patent is attached hereto as Exhibit D.

15. On May 4, 2004, the U.S. Patent and Trademark Office granted to Plaintiff Kroy a federal trademark registration for the shape and configuration of a fence panel, for which registration No. 2,837,603 was assigned. A copy of Plaintiff Kroy's certificate of registration No. 2,837,603 (hereinafter the "'603 registration") is attached hereto as Exhibit E.

16. Over the years since at least 1994, Plaintiff Kroy has become widely known in the

3

industry for its vinyl fences. Plaintiff's business has grown significantly and it now has customers throughout the United States.

17. The vinyl fences developed, manufactured, and marketed by Plaintiff Kroy have become distinctive in commerce such that consumers recognize Plaintiff Kroy as the source of the goods.

18. In particular, the shape, configuration and distinctive appearance of Plaintiff Kroy's fence panel has become recognizably distinctive in the minds of the relevant consumers.

19. On information and belief, Defendant Veka is engaged in the business of developing, manufacturing and marketing vinyl fencing.

20. On information and belief, Defendant Veka competes with Plaintiff Kroy in the selling of vinyl fencing, and intends to continue doing so.

21. On information and belief, Defendant Veka sells a fence system including a fence panel as shown in Exhibit F attached hereto, said fence panel identified as the "7/8" X 7" Tongue & Groove" in Exhibit F.

22. On information and belief, Defendant Veka sells a fence system as shown in the photo-prints attached hereto as Exhibit G.

23. On information and belief, Defendants have been offering for sale the fence system as shown in Exhibits F and G after the issue date of the '599, '486, '987, and '160 patents, and the '603 registration, and after receiving notice of the same.

24. On September 12, 2000, Plaintiff Kroy's counsel sent Defendant Veka a communication providing notice of some of Kroy's intellectual property rights, including copies of the '599 and '486 patents. A copy of said communication is attached hereto as Exhibit H.

4

25. On April 9, 2001, Plaintiff Kroy's counsel sent Defendant Veka a communication providing a copy of the '987 patent. A copy of said communication is attached hereto as Exhibit I.

26. At least as early as July 30, 2004, Plaintiff Kroy's counsel sent Defendant Veka a communication providing notice of the '160 patent and the '603 registration. A copy of said communication is attached hereto as Exhibit J.

27. Since at least as early September 12, 2000, Plaintiff Kroy attempted to help Defendants avoid continued infringing acts and communicated with Defendants through telephone calls and a follow-up letters to Defendants in attempts to settle this matter amicably out of court and prevent a dispute.

28. On information and belief, Defendants have continued to manufacture and market the fence system as depicted in Exhibits F and G after having received notice of Kroy's patent and trademark rights.

29. On information and belief, Defendants have enjoyed the benefit of continued sales of the fence system as depicted in Exhibits F and G, in knowing and willful disregard of the intellectual property rights for which rightfully belong to Plaintiff Kroy.

30. Defendants' manufacture, promotion and sales of at least the fence system as depicted in Exhibits F and G constitutes unlawful infringement of the '599 patent.

31. Defendants' manufacture, promotion and sales of at least the fence system as depicted in Exhibits F and G constitutes unlawful infringement of the '486 patent.

32. Defendants' manufacture, promotion and sales of at least the fence system as depicted in Exhibits F and G constitutes unlawful infringement of the '987 patent.

5

33. Defendants' manufacture, promotion and sales of at least the fence system as depicted in Exhibits F and G constitutes unlawful infringement of the'160 patent.

34. Defendants' manufacture, promotion and sales of at least the fence panel depicted in Exhibits F and G constitutes unfair competition in violation of Plaintiff Kroy's rights under the Lanham Act (15 U.S.C. § 1125 et seq.).

35. Defendants' use of at least the fence panel depicted in Exhibits F and G constitutes unlawful infringement of the '603 registration under 15 U.S.C.§1114 et seq.

36. As a result of Defendants' wrongful conduct, Plaintiff Kroy has suffered damages in an amount to be proven at trial.

37. The damage and harm to Plaintiff Kroy arising from Defendants' acts of infringement of the '599, '486, '987 and '160 patents and the '603 registration is not fully compensable by money damages, but rather results in irreparable harm to Plaintiff Kroy.

## FIRST CLAIM FOR RELIEF

(Patent Infringement of the '599 Patent)

38. Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 37 above.

39. Plaintiff Kroy is the owner of the '599 patent by assignment from the inventor named in the '599 patent.

40. Plaintiff Kroy, as the owner of the '599 patent, is entitled to bring this action for infringement of that patent.

41. On information and belief, subsequent to the issue date of the '599 patent, and

6

prior to commencement of this action, Defendant Veka has infringed the '599 patent by making, using, offering to sell, or selling to customers devices which embody each and every element, or the equivalent thereof, of at least one claim of the '599 patent.

42.    Plaintiff Kroy has given written notice to Veka of its infringement of the '599 patent as explained above, and as illustrated by the copy of the communication in Exhibit H.

43.    By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages of no less than a reasonable royalty due to Defendants' acts of patent infringement in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts of infringement of the '599 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

44.    On information and belief, at least a portion of such infringement by Veka was done with actual knowledge of the existence of the '599 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Kroy to enhanced damages under 35 U.S.C.§ 284. Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## SECOND CLAIM FOR RELIEF

(Inducing Infringement of the '599 Patent)

45.    Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 44 above.

7

46.     On information and belief, subsequent to the issue date of the '599 patent, and prior to commencement of this action, Defendant Veka has induced and is now inducing infringement of the '599 patent by selling to customers fence system devices that infringe the '599 patent and furnishing to said customers such products and/or information by which said devices can be used to infringe the '599 patent.

47.     By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein.  Kroy has suffered money damages of no less than a reasonable royalty due to Defendants' acts of inducing others to infringe the '599 Patent in an amount which cannot be determined without an accounting, and is thus subject to proof at trial.  Further, the damage and harm to Kroy arising from the Defendants' acts of induced infringement of the '599 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

48.     On information and belief, Veka will continue to induce others to infringe the '599 patent unless enjoined by this court.  On information and belief, at least a portion of such inducement of infringement by Veka was done with actual knowledge of the existence of the '599 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Kroy to enhanced damages under 35 U.S.C.§ 284.  Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## THIRD CLAIM FOR RELIEF

(Patent Infringement of the '486 Patent)

49.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein,

8

the allegations contained in Paragraphs 1 through 48 above.

50.     Plaintiff Kroy is the owner of the '486 patent by assignment from the inventor named in the '486 patent.

51.     Plaintiff Kroy, as the owner of the '486 patent, is entitled to bring this action for infringement of that patent.

52.     On information and belief, subsequent to the issue date of the '486 patent, and prior to commencement of this action, Defendant Veka has infringed the '486 patent by making, using, offering to sell, or selling to customers devices which embody each and every element, or the equivalent thereof, for practicing the method of at least one claim of the '486 patent.

53.     Plaintiff Kroy has given written notice to Veka of its infringement of the '486 patent as explained above, and as illustrated by the copy of the communication in Exhibit H.

54.     By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages of no less than a reasonable royalty due to Defendants' acts of patent infringement in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts of infringement of the '486 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

55.     On information and belief, at least a portion of such infringement by Veka was done with actual knowledge of the existence of the '486 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285, and entitling Kroy to enhanced damages under 35 U.S.C.§ 284. Thus, Plaintiff Kroy is entitled to recover its

9

attorney fees and treble damages.

## FOURTH CLAIM FOR RELIEF

(Inducing Infringement of the '486 Patent)

56.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 55 above.

57.     On information and belief, subsequent to the issue date of the '486 patent, and prior to commencement of this action, Defendant Veka has induced and is now inducing infringement of the '486 patent by selling to customers fence system devices and furnishing to said customers such products and/or information by which said devices can be used to infringe the '486 patent.

58.     By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages of no less than a reasonable royalty due to Defendants' acts of inducing others to infringe the '486 Patent in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts of induced infringement of the '486 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

59.     On information and belief, Veka will continue to induce others to infringe the '486 patent unless enjoined by this court. On information and belief, at least a portion of such inducement of infringement by Veka was done with actual knowledge of the existence of the '486 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the

10

meaning of 35 U.S.C. § 285, and entitling Kroy to enhanced damages under 35 U.S.C.§ 284.

Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## FIFTH CLAIM FOR RELIEF

### (Patent Infringement of the '987 Patent)

60.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 59 above.

61.     Plaintiff Kroy is the owner of the '987 patent by assignment from the inventor named in the '987 patent.

62.     Plaintiff Kroy, as the owner of the '987 patent, is entitled to bring this action for infringement of that patent.

63.     On information and belief, subsequent to the issue date of the '987 patent, and prior to commencement of this action, Defendant Veka has infringed the '987 patent by making, using, offering to sell, or selling to customers devices which embody each and every element, or the equivalent thereof, of at least one claim of the '987 patent.

64.     Plaintiff Kroy has given written notice to Veka of its infringement of the '987 patent as explained above, and as illustrated by the copy of the communication in Exhibit I.

65.     By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages due to Defendants' acts of patent infringement in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts

11

of infringement of the '987 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

66.     On information and belief, at least a portion of such infringement by Veka was done with actual knowledge of the existence of the '987 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Kroy to enhanced damages under 35 U.S.C. §284. Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## SIXTH CLAIM FOR RELIEF

(Inducing Infringement of the '987 Patent)

67.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 66 above.

68.     On information and belief, subsequent to the issue date of the '987 patent, and prior to commencement of this action, Defendant Veka has induced and is now inducing infringement of the '987 patent by selling to customers fence system devices that infringe the '987 patent and furnishing to said customers such products and/or information by which said devices can be used to infringe the '987 patent.

69.     By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages due to Defendants' acts of inducing others to infringe the '987 Patent in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising

12

from the Defendants' acts of induced infringement of the '987 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

70.     On information and belief, Veka will continue to induce others to infringe the '987 patent unless enjoined by this court. On information and belief, at least a portion of such inducement of infringement by Veka was done with actual knowledge of the existence of the '987 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Kroy to enhanced damages under 35 U.S.C. §284. Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## SEVENTH CLAIM FOR RELIEF

### (Patent Infringement of the '160 Patent)

71.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 70 above.

72.     Plaintiff Kroy is the owner of the '160 patent by assignment from the inventor named in the '160 patent.

73.     Plaintiff Kroy, as the owner of the '160 patent, is entitled to bring this action for infringement of that patent.

74.     On information and belief, subsequent to the issue date of the '160 patent, and prior to commencement of this action, Defendant Veka has infringed the '160 patent by making, using, offering to sell, or selling to customers devices which embody substantially the same design as the '160 patent as viewed by an ordinary observer.

75.     Plaintiff Kroy has given written notice to Veka of its infringement of the '160

13

patent as explained above, and as illustrated by the copy of the communication in Exhibit J.

76. By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages of no less than a reasonable royalty due to Defendants' acts of patent infringement in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts of infringement of the '160 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

77. On information and belief, at least a portion of such infringement by Veka was done with actual knowledge of the existence of the '160 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Kroy to enhanced damages under 35 U.S.C. § 284. Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## EIGHTH CLAIM FOR RELIEF

### (Inducing Infringement of the '160 Patent)

78. Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 77 above.

79. On information and belief, subsequent to the issue date of the '160 patent, and prior to commencement of this action, Defendant Veka has induced and is now inducing infringement of the '160 patent by selling to customers fence system devices that infringe the '160 patent and furnishing to said customers such products and/or information by which said

14

devices can be used to infringe the '160 patent.

80. By reason of the actions of Veka, Kroy has been and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages of no less than a reasonable royalty due to Defendants' acts of inducing others to infringe the '160 Patent in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts of induced infringement of the '160 patent is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

81. On information and belief, Veka will continue to induce others to infringe the '160 patent unless enjoined by this court. On information and belief, at least a portion of such inducement of infringement by Veka was done with actual knowledge of the existence of the '160 patent, and is unlawful, deliberate, and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Kroy to enhanced damages under 35 U.S.C. § 284. Thus, Plaintiff Kroy is entitled to recover its attorney fees and treble damages.

## NINTH CLAIM FOR RELIEF

### (Unfair Competition)

82. Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 81 above.

83. The shape, configuration and appearance of Plaintiff Kroy's fence panel products have acquired distinctiveness and recognition value as an indicator of the source of origin of Plaintiff's products in the mind of purchasers in Plaintiff's and Defendants' trade area, as a result

15

of Plaintiff Kroy's promotion and sales of its fencing products.

84.     Plaintiff Kroy's fence panel (Exhibit E) has thus acquired distinctiveness and recognition value as a trademark symbol of Plaintiff's products.

85.     Defendants have engaged in unfair competition prohibited by the Lanham Act § 43(a) [Title 15 of the United States Code §§1125(a)] in that Defendants have used Plaintiff's fence panel trademark symbol in connection with Defendants' fence-related goods as a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff Kroy and a false suggestion of origin, sponsorship, and/or approval of Defendants' fence-related goods, services and commercial activities by Plaintiff Kroy.

86.     Plaintiff Kroy has suffered damage and irreparable harm to the goodwill and recognition value in its fence panel trademark symbol by the false designation of origin caused by the public presentation of Defendants' fence-related goods.

87.     Pursuant to Lanham Act §§ 34 and 35 [15 U.S.C. §§ 1116 and 1117], Plaintiff Kroy is entitled to injunctive relief to prohibit any further use by Defendants of Plaintiff Kroy's fence panel trademark symbol. Additionally, Plaintiff Kroy is entitled to an order directing the Defendants to file with the court and serve on the Plaintiff a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction. Additionally, Plaintiff is entitled to recover all of Defendants' profits in conjunction with the use of Plaintiff's fence panel trademark symbol in addition to its actual damages.

88.     On information and belief, such acts of unfair competition by Veka were

16

preconceived and with actual knowledge of the near-exact similarity between its product and Plaintiff Kroy's product, and some of the acts of unfair competition were conducted with actual knowledge by Veka of the existence of Plaintiff Kroy's trademark symbol, and such acts are therefore unlawful, deliberate, and willful, making this an exceptional case. Thus, Plaintiff Kroy is entitled to recover its attorney fees, and up to three (3) times the amount of actual damages, pursuant to 15 U.S.C. § 1117 (a).

## TENTH CLAIM FOR RELIEF

### (Trademark Infringement)

89. Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 88 above.

90. Plaintiff Kroy is the owner of the '603 registration.

91. Plaintiff Kroy, as the owner of the '603 registration, is entitled to bring this action for infringement of that federally registered trademark, pursuant to 15 U.S.C. § 1114.

92. On information and belief, Defendant Veka has infringed the '603 registration, and is using a counterfeit mark and spurious designation that is identical with or indistinguishable from the '603 Registration in violation of 15 U.S.C. § §1114 and §116(d), by selling, offering for sale and advertising to customers devices which embody the configuration covered by Plaintiff Kroy's federal trademark registration for the fence panel.

93. Plaintiff Kroy has given written notice to Veka of its infringement of the '603 registration as explained above, and as illustrated by the copy of the communication in Exhibit J.

94. By reason of the actions of Veka, Kroy has been and will continue to be, seriously

17

damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein. Kroy has suffered money damages due to Defendants' acts of trademark infringement and counterfeiting in an amount which cannot be determined without an accounting, and is thus subject to proof at trial. Further, the damage and harm to Kroy arising from the Defendants' acts of infringement and counterfeiting of the '603 registration is not fully compensable by money damages, but rather results in irreparable harm to Kroy.

95.     Pursuant to Lanham Act §§ 34 and 35 [15 U.S.C. §§ 1116 and 1117], Plaintiff Kroy is entitled to injunctive relief to prohibit any further use by Defendants of Plaintiff Kroy's fence panel symbol covered by the '603 registration. Additionally, Plaintiff Kroy is entitled to an order directing the Defendants to file with the court and serve on the Plaintiff a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction. Additionally, Plaintiff is entitled to recover all of Defendants' profits in conjunction with the use and counterfeiting of Plaintiff's fence panel symbol under the '603 registration in addition to its actual damages or any statutory damages [15 U.S.C. §1117(c)] that Plaintiff is entitled to recover.

96.     On information and belief, such infringement and counterfeiting by Veka was preconceived and with actual knowledge of the near-exact similarity between its infringing and counterfeit product and Plaintiff Kroy's product, and some of said infringement and counterfeiting was conducted with actual knowledge by Veka of the existence of Plaintiff Kroy's '603 registration, and such infringement and counterfeiting is therefore unlawful, deliberate, and willful, making this an exceptional case. Thus, Plaintiff Kroy is entitled to recover its attorney fees, and up to three (3) times the amount of actual damages, pursuant to 15 U.S.C. § 1117 (a).

18

### ELEVENTH CLAIM FOR RELIEF

(Trademark Infringement -- North Carolina Common Law)

97.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 96 above.

98.     The conduct of Defendants described above constitutes trademark infringement under North Carolina common law which has caused injury to Plaintiff Kroy, thereby entitling Plaintiff Kroy to money damages and preliminary and permanent injunctive relief.

### TWELFTH CLAIM FOR RELIEF

(Unfair Competition -- North Carolina Common Law)

99.     Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 98 above.

100.    The conduct of Defendants described above constitutes unfair competition under North Carolina common law which has caused injury to Plaintiff Kroy, thereby entitling Plaintiff Kroy to money damages and preliminary and permanent injunctive relief.

### THIRTEENTH CLAIM FOR RELIEF

(Unfair Methods of Competition and

Unfair and Deceptive Trade Practices -- N.C. Gen. Stat. §75-1.1)

101.    Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 100 above.

19

102. The conduct of Defendants described above constitutes unfair methods of competition and unfair and deceptive acts and practices in connection with the conduct of their business activities thereby affecting commerce and causing injury to the business of Plaintiff Kroy, all in violation of N.C. Gen. Stat. § 75-1.1.

103. As a result of Defendants' unfair methods of competition and unfair and deceptive acts and practices, Plaintiff Kroy has been injured and damaged and is entitled to an award of compensatory damages, to have those damages trebled pursuant to N.C. Gen. Stat. § 75-16, and is entitled to an award of attorneys fees pursuant to N.C. Gen. Stat. § 75-16.1.

## ALLEGATION OF DAMAGE

104. Plaintiff Kroy realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 103 above.

105. On information and belief, Defendants have unlawfully derived, and will continue to unlawfully derive, profits by infringing the '599, '486, '987, and '160 patents and and by infringing and counterfeiting the '603 registration.

106. By reason of the actions of Defendants, Plaintiff Kroy has been, and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this court from the actions complained of herein.

107. Plaintiff Kroy has suffered money damages due to Defendants' acts in an amount that cannot be determined without an accounting, and is thus subject to proof at trial.

108. The damage and harm to Plaintiff Kroy arising from Defendants' acts is not fully compensable by money damages, but rather results in irreparable harm to Plaintiff Kroy.

20

109. By reason of Defendants' acts alleged herein, Plaintiff Kroy has suffered and will continue to suffer damage to its business, reputation and to the good will and recognition value of its fence panel trademark symbol for its fence system as described in the '603 registration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kroy prays for judgment of this Court Against Defendants as follows:

1. That the Court adjudge the '599 patent not invalid and infringed by Defendants;

2. That the Court adjudge the '486 patent not invalid and infringed by Defendants;

3. That the Court adjudge the '987 patent not invalid and infringed by Defendants;

4. That the Court adjudge the '160 patent not invalid and infringed by Defendants;

5. That the Court adjudge Plaintiff's federally registered fence panel trademark not invalid and infringed by Defendants;

6. That the Court adjudge Plaintiff Kroy's rights under the Lanham Act § 43(a) [Title 15 of the United States Code §§1125(a)] are protectable and are being violated by Defendants;

7. That Defendants and all of Defendants' agents, servants, employees, attorneys, directors, and those persons in active concert or participation with them, be preliminarily and permanently enjoined under applicable authority from (i) violating Plaintiff Kroy's patent rights, or causing others to violate said patent rights, on such terms as the Court deems reasonable, (ii) violating Plaintiff Kroy's federal trademark rights, or causing others to violate said rights, on such terms as the Court deems reasonable, (iii) continuing any and all acts of unfair competition

21

as herein alleged, or causing others to commit such acts, and (iv) further violation of Plaintiff's rights on such terms as the Court deems reasonable;

8.     That Defendants be ordered to deliver up to this Court, for such disposition as it sees fit, all infringing products and related devices and materials in its possession or control, all means for making the infringing products, and all labels, packages, receptacles, wrappers, advertisements, literature, documents or other things in its possession or control bearing any designation, description or representation pertaining to the infringement of the '599, '486, '987, and '160 patents or the '603 registration or to Defendants' violation of Plaintiff Kroy's rights under the Lanham Act;

9.     That Defendants be ordered to file with this Court and serve on Plaintiff Kroy within twenty (20) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

10.     That Defendants each be required to account to Plaintiff for any and all profits, gains, and advantages derived by Defendants and for all damages sustained by Plaintiff Kroy by reason of the infringements and unfair competition complained of herein, and that the Court award Plaintiff Kroy the amount of actual damages suffered by Plaintiff; but in no event less than a reasonable royalty;

11.     That Defendants be required to pay prejudgment and postjudgment interest until such awards are paid;

12.     That Defendants, if warranted, be assessed statutory damages for their counterfeiting of the '603 Registration, pursuant to 15 U.S.C. § 1117(c);

22

13. That Defendants, if warranted, be assessed treble damages due to the deliberate and willful nature of its infringement of Kroy's rights;

14. That Plaintiff Kroy's attorneys fees and costs be taxed against Defendants; and

15. That the Court grant such other and further relief as it deems equitable and just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this $\overline{30}$ day of December, 2005.

CLAYTON, HOWARTH & CANNON, P.C.

By Karl R. Cannon

Karl R. Cannon
P.O. Box 1909
Sandy, UT 84091
Telephone: (801) 255-5335
Fax: (801) 255-5338
E-mail: ~~parlaw@chcpat.com~~ kcannon@chcpat.com
Attorneys for Plaintiff

23

HUNTON & WILLIAMS LLP

By _____

Douglas W. Kenyon
N.C. State Bar. No. 13242
Steven B. Epstein
N.C. State Bar No. 17396
One Bank of America Plaza
421 Fayetteville Street Mall, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 899-3000
Fax: (919) 833-6352
E-mail: dkenyon@hunton.com
Attorneys for Plaintiff
LR 83.1 Counsel

24